IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**MARVIN WARD**                                                                                           **PLAINTIFF**

**V.**                          **CASE NO. 3:19-CV-131-JM-BD**

**CRAIGHEAD COUNTY**
**DETENTION CENTER**                                                                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Mr. Ward may file written objections with the Clerk of Court within 14 days if he disagrees with the Recommendations findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Ward does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.     Discussion:**

Mr. Ward, a pretrial detainee at the Craighead County Detention Center (Detention Center), filed this lawsuit without a lawyer's help. He is proceeding *in forma pauperis*. (Docket entries #1, #2)

In his complaint, Mr. Ward alleges that, as he sat on a lower bunk at the Detention Center, an upper bunk fell on him, injuring his back and neck. (#2) He does not complain about the medical care he received. In fact, he states that he was taken to the hospital for

treatment after the accident. Rather, Mr. Ward claims that the county was negligent in failing to "insure [his] safety from being harmed." (#2, p.4)

The allegations in the complaint, even assuming that all are true, do not state a federal claim for relief for at least two reasons. First, the Detention Center is the sole Defendant named in the complaint, and a jail is not an entity that can be sued in a case such as this. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

Second, even if Mr. Ward amended his complaint to name individuals or Craighead County as defendants, he still could not recover because negligence is not conduct that rises to level of a constitutional violation. *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (negligence cannot support a claim under § 1983 claim); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (same). There is no allegation here that Detention Center employees knew that the bunk bed was dangerous or defective or that they had reason to know that the bed posed a substantial risk of harm to detainees such as Mr. Ward. *See Beaulieu v. Ludeman,* 690 F.3d 1017, 1045 (8th Cir. 2012); *Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To be held liable in these circumstances a defendant would have to know of a substantial risk of harm *prior* to the accident *and* deliberately choose to do nothing about it.

### III.   Conclusion:

The Court recommends that Mr. Ward's lawsuit be DISMISSED, without prejudice, for failure to state a federal claim for relief. The Court further recommends that this dismissal count as a STRIKE under the Prison Litigation Act.

DATED this 6th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE